IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MONIKA JOHNSON, as parent and
guardian of William R. Earl, Jr.,
aka Billy Johnson,

                Plaintiff,

vs.                                      CIVIL NO.   00-1326 LFG/JHG

ASSOCIATION FOR RETARDED
CITIZENS OF ALBUQUERQUE,
dba Cimarron Group Home, et al.,

                Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S MOTION TO STRIKE

THIS MATTER is before the Court on Defendant Association for Retarded Citizens of Albuquerque's Motion to Strike [Doc. 12]. Defendant seeks the Court's order striking the allegations contained in paragraph 14 of Plaintiff's complaint. Defendant asserts that the allegations contained in paragraph 14 are "immaterial, impertinent and scandalous" and should be stricken from the pleadings pursuant to Fed. R. Civ. P. 12(f). The motion is opposed.

### Background

Billy Johnson is a developmentally disabled individual suffering from cerebral palsy, mental retardation and seizure disorder. He is a resident of ARCA's Cimarron Group Home. On May 10, 1998, while on an outing with ARCA employees, Billy Johnson suffered an accidental injury, specifically, a "severely comminuted fracture of the proximal tibia extending into the knee joint with depression and some wedging of a central fracture fragment."

Apparently, due to his developmental disability, he is unable to explain how the accident occurred. The only witness known to the parties is Karla Simmet, ARCA's employee, who reported

that the incident occurred when Billy Johnson fell down some steps while he was being taken to the restroom.

Monika Johnson's complaint, filed as parent and guardian of William R. Earl, Jr., aka Billy Johnson, alleges, through counsel, that ARCA and Karla Simmet hit or ran over Billy Johnson with the ARCA van while ARCA employees were trying to load him in the van after he had fallen down a flight of stairs.

Defendants contend that the allegations are false and without any basis in fact. They argue that no evidence supports the contention that Billy Johnson was struck and run over by the ARCA van. Defendants argue that the only evidentiary support for what Defendants contend is an outrageous claim is a letter from Dr. James R. Stevenson, who examined Billy Johnson's radiographs and CT scans and commented that the injury was the type that "occurs usually with a high velocity injury or crush injury and usually not associated with a simple fall, particularly in the absence of osteoporosis or pathologic fracture, neither of which I see on this study." Defendants argue that Dr. Stevenson did not opine that Billy had been hit or run over by the van; no witnesses have ever reported such an incident, and nowhere in the voluminous records produced by Plaintiff is there support for a claim that Billy Johnson was hit or run over by ARCA's van after he fell down a flight of stairs. Defendants state that the only reason for including this allegation in the complaint is to portray Defendants as "black hearted" and "uncaring," and that the allegations in paragraph 14 of the Complaint should be stricken.[1]

---

[1] In support of their claim that the allegation was intended to portray Defendants as "uncaring" or "black hearted," Defendants append a newspaper article commentary on the pending lawsuit and Plaintiff's allegations. On 12(f) motions, the Court may not consider matters outside the pleadings, Diamond Scientific Co. v. Ambico, Inc., 848 F.2d 1220 (Fed. Cir. 1988). An exception occurs when the extrinsic material submitted is not in dispute. Here, there can be no dispute that an Albuquerque paper published a story about

In her response to the motion, Plaintiff concedes that no witness has been found to support the van accident claim, but contends that paragraph 14 presents "an alternative factual theory that may be consistent with the extremely serious injuries that Billy suffered." (Response in opposition, pp. 2,3). Plaintiff also concedes that the only witness to the incident has given a different explanation concerning the accident and states:

> Respectfully, the Plaintiff has a good faith basis to believe that the severe injuries Billy suffered are inconsistent with the Defendants' claim that he fell down a couple of stairs. Direct evidence, for instance, an eyewitness, will not be required to prove the Plaintiff's alternative factual theory of causation. Circumstantial evidence may be sufficient.

In this instance, Plaintiff argues that her allegations are not without factual basis given the proximity of the van, the nature and apparent mechanics of the injury, and her assertion that Defendants' version of the accident is inconsistent with Dr. Stevenson's opinion. Thus, Plaintiff argues that she is entitled to offer a plausible alternative theory to the fact finder. Moreover, Plaintiff contends that her theory is supported, at least circumstantially, by Dr. Stevenson's report.

While this motion is brought pursuant to Rule 12(f), in its reply to the motion, Defendant also argues that the complaint is improper under Rule 11. This Rule provides, among other things, that when an attorney affixes a signature to a pleading, the attorney is representing to the court and is certifying that to the best of that person's knowledge, information and belief formed after an inquiry reasonable under the circumstances, that the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery. Defendants argue that Plaintiff's allegations

---

the lawsuit. Thus, the Court will consider and accept as true that the newspaper article was indeed published. The information in the article, of course, is in dispute.

concerning the mechanics of the accident have no evidentiary support and were filed for an improper purpose, that is, to portray Defendants as evil.

Rule 11(c)(1) requires that motions brought under the Rule be made separately from other motions or requests.  Further, the Rule itself establishes a detailed and specific procedure to raise issues, including the safe harbor provision of the Rule which requires service, but prevents the filing of the motion for a period of twenty-one days.  Additionally, while the Court may raise Rule 11 matters on its own initiative, notice and an opportunity to be heard on Rule 11 issues is mandated.  Since the Rule 11 issue was raised in Defendant's reply and the Court had not given notice that this was a Rule 11 motion, the Court may not consider this motion under Rule 11.  Thus, to the extent that Defendant relies on Rule 11 in support of its motion to strike, the Court is compelled to reject the argument.

## Rule 12(f)

The striking of a portion of a pleading is a drastic remedy and is viewed with disfavor. Somerset Pharmaceuticals, Inc. v. Kimball, 168 F.R.D. 69, 70 (M.D. Fla. 1996); 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (1990)(citing numerous cases demonstrating disfavor).  Here, the Court cannot state that Plaintiff's claims are meritless or totally without support.  Dr. Stevenson's opinion casts some doubt on Defendants' statement of how the accident occurred and leaves open the possibility that the injury suffered is consistent with a high velocity injury or crushing injury, both of which could have been caused by being struck or run over by a van.  A court should not strike an allegation unless it bears no possible relation to the parties' dispute or would confuse the issues.  Salahuddin v. Cuomo, 861 F.2d 40, 42-43 (2d Cir. 1988). Absent a "strong reason for so doing," courts generally will not "tamper with the pleadings." Lennon

4

v. Seaman, 63 F. Supp. 2d 428, 447 (S.D.N.Y. 1999).

While the Court is troubled that the allegation may well have been intended to cast Defendants in a derogatory light, Alvarado-Morales v. Digital Equipment Corp., 843 F.2d 613, 617-18 (1st Cir. 1988), a plaintiff is still entitled to plead and must prove its claim. Moreover, striking the allegations of paragraph 14 will not serve to undo the claimed harm to Defendants as the newspaper article concerning the lawsuit was already published.

Discovery has yet to be completed and Plaintiff should have an opportunity to see if there is any other evidentiary support for her theory. Plaintiff still must shoulder the burden of proof at trial to succeed on her claims. In considering a Rule 12(f) motion, the Court is required to resolve doubts in favor of denying the motion to strike. Wailua Assoc. v. Aetna Cas. & Sur. Co., 183 F.R.D. 550, 553-554 (D. Haw. 1998).

The Court determines that Defendants' Rule 12(f) motion should be denied.

_____
Lorenzo F. Garcia
United States Magistrate Judge

ATTORNEY FOR PLAINTIFF:
Bruce Sheldon McDonald, Esq.

ATTORNEY FOR DEFENDANTS:
William P. Gralow, Esq.
Richard C. Civerolo, Esq.
Carl J. Butkus, Esq.