IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MONIKA JOHNSON, as parent and
guardian of William R. Earl, Jr.,
aka Billy Johnson,

             Plaintiff,

  vs.                                                CIVIL NO.  00-1326 LFG/JHG

KARLA SIMMET, individually, and
as an employee of Association of
Retarded Citizens of Albuquerque; and
ASSOCIATION OF RETARDED
CITIZENS OF ALBUQUERQUE,
dba Cimarron Group Home,

             Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO SEAL
## OR LIMIT INSPECTION OF CASE RECORD

      THIS MATTER is before the Court on former Defendant Karla Simmet's Motion to Seal or Otherwise Limit Inspection of a Case Record [Doc. 61]. Given the nature of the request and the current state of law, no response is necessary.

      In this personal injury case, Plaintiff Monika Johnson, as parent and guardian of William R. Earl, Jr., aka Billy Johnson, alleged that the Association of Retarded Citizens of Albuquerque ("ARCA") and it employee, Karla Simmet, hit or ran over Billy Johnson with an ARCA van while ARCA employees were trying to load Mr. Johnson into the van after he had fallen down a flight of stairs. Defendants vehemently disputed the allegations and stated that the charges had no basis in fact.

Asserting that the allegations were unfounded and scandalous, ARCA moved to strike. [Doc. 12]. In the brief in support of its motion, Defendant ARCA argued that no evidence supported the contention that Billy Johnson was struck and run over by the van, and the only evidentiary support for the contention was an "outrageous claim" in a letter from Dr. James R. Stevenson who examined Billy Johnson's radiographs and CT scans and commented that the injury was a type that "occurs usually with high velocity injury or crush injury and usually not associated with a simple fall, particularly in the absence of osteoporosis or pathologic fracture, neither of which I see on this study." [Doc. 13, at 2].

ARCA argued that Dr. Stevenson never offered an opinion that Billy Johnson was hit or run over by a van; no witnesses ever reported such an incident; and nowhere in the voluminous records was there support for a claim that Billy Johnson was hit or run over by ARCA's van. ARCA sought dismissal of the allegation, contending that Plaintiff was simply trying to portray Defendant ARCA as having "a heart so black" and being "uncaring." [Doc. 15, at 2].

After consideration of the motion, the Court issued a Memorandum Opinion and Order denying the motion to strike. [Doc. 16]. In its analysis, the Court noted that striking of a portion of a pleading is a drastic remedy and is viewed with disfavor. [Id., at 4] (*citing* Somerset Pharmaceuticals, Inc. v. Kimball, 168 F.R.D. 69, 70 (M.D. Fla. 1996); 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1380 (1990)(citing numerous cases demonstrating disfavor)).

The Court was unable to state that Plaintiff's claims were meritless or totally without support. It noted that Dr. Stevenson's opinion cast doubt on ARCA's statement of how the accident occurred and left open the possibility that the injury suffered was consistent with a high velocity or crushing injury, both of which could have been caused by being struck or run over by a van. The Court

concluded by noting:

> A court should not strike an allegation unless it bears no possible relation to the parties' dispute or would confuse the issues. Salahuddin v. Cuomo, 861 F.2d 40, 42-43 (2d Cir. 1988). Absent a "strong reason for so doing," courts generally will not "tamper with the pleadings." Lennon v. Seaman, 63 F. Supp. 2d 428, 447 (S.D.N.Y. 1999).

[Doc. 16, at 4-5].

The Court summarized by stating:

> While the Court is troubled that the allegation may well have been intended to case Defendants in a derogatory light, Alvarado-Morales v. Digital Equipment Corp., 843 F.2d 613, 617-18 (1st Cir. 1988), a plaintiff is still entitled to plead and must prove its claim. Moreover, striking the allegations of paragraph 14 will not serve to undo the claimed harm to Defendants as the newspaper article concerning the lawsuit was already published.

[Doc. 16, at 5]. Accordingly, the motion to strike was denied.

This case was not resolved on motion, nor did it proceed to trial. Rather, pursuant to the district's Civil Justice Expense and Delay Reduction Plan, it proceeded to a mandatory settlement conference before the Honorable Robert DeGiacomo, and the case settled at the conference. It was ultimately dismissed with prejudice.

The settlement, of course, meant that no determination was made by any judicial fact finder--judge or jury--on the merits of the litigation. Thus, there was never a finding, one way or another, that Billy Johnson was run over by ARCA's van.

Ms. Simmet now comes before the Court with a request to seal the file or limit inspection of the case record, arguing that the allegations in the court pleadings are available on line, and the information "is libelous and scandalous." She expresses concern that the information in cyberspace could possibly harm her when applying for employment, and may cause her years of discrimination.

**<u>Analysis</u>**

The Judicial Conference of the United States Courts adopted a national policy limiting instances in which federal courts could seal civil case files.  Primarily, the policy provides that a case file can be sealed only when it is required by statute, rule or is otherwise justified by a showing of extraordinary circumstances.  http://www.uscourts.gov/news/newsview/11-09-13/Conference_Approves_Standards_Procedures_for_Sealing_Civil_Cases.aspx.

In this case, there is no showing of a statute or rule requiring the sealing of this case, nor is there any showing of extraordinary circumstances.  While the Court is sympathetic with the fact that these unproven allegations exist in cyberspace, they are taken from records which the public has a right to peruse.

Subsequent to the adoption of the Judicial Conference policy, the federal civil rules were amended to implement the requirements of the E-Government Act, which took effect on December 1, 2007.  The new rules required redaction of personal identifiers from filings, including social security numbers, names of minor children, financial account numbers, dates of birth, and, in criminal cases, home addresses.  Fed. R. Civ. P. 5.2(a).  Nothing in Simmet's motion triggers the protections afforded by the amended federal rules.  Nor does Rule 5.2 mandate redaction of Ms. Simmet's name or of the allegations in the Complaint.

Finally, as in the Court's earlier ruling denying the motion to strike, information concerning the allegations was already in the public domain as the result of newspaper articles.  So, too, here. The files which concern Ms. Simmet are available on CM/ECF, and a copy of the Court's order denying the motion to strike is already available on various internet search engines, including Google.  Thus, this is an egg which cannot be unscrambled.  There is no way of recalling information that is now in the public domain.  The Court is not only unable, but, given the

4

importance of access to public records, is also unwilling to seal or limit inspection to this case file.

    IT IS THEREFORE ORDERED that Ms. Simmet's motion [Doc 61] is DENIED.

                                                                           */s/ Lorenzo F. Garcia*  
                                                                           Lorenzo F. Garcia  
                                                                           United States Magistrate Judge